**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 24-62382-CIV-SMITH/HUNT**

DOUGLAS FLINT FAIRWEATHER,

       Plaintiff,

vs.

FRANK BISIGNANO,[1]
Commissioner of Social Security,

       Defendant

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("Motion").  ECF No. 19.  The Honorable Rodney Smith referred this matter to the undersigned for appropriate disposition.  ECF No. 13.  Upon thorough review of the Motion, the entire case file, the applicable law, and being otherwise fully advised in the premises, the undersigned recommends that Plaintiff's Motion be GRANTED as set forth below.

## BACKGROUND

Douglas Flint Fairweather ("Plaintiff") initiated this action for judicial review of a final decision of the Commissioner of Social Security on December 18, 2024.  ECF No. 1.  On July 16, 2025, the District Court granted Defendant's Unopposed Motion to Remand and remanded the case for further proceedings.  ECF No. 18.  Plaintiff now

---

[1]    Frank Bisignano is now the Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

moves for Attorneys' Fees and Costs pursuant to 28 U.S.C. § 2412 and 28 U.S.C. § 1304, seeking $3,948.93 in fees, encompassing 13.81 hours of attorney work as well as 4.3 hours of paralegal work, and costs in the amount of $405.00. ECF No. 19.   The Commissioner does not oppose the award.  ECF No. 20.

### DISCUSSION

"Under EAJA, a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust." *Ochoa v. Comm'r of Soc. Sec.*, No. 19-80802-CIV-MATTHEWMAN, 2020 WL 4208042, at *1 (S.D. Fla. July 22, 2020) (citing 28 U.S.C. § 2512(d); *Delaney v. Berryhill*, No. 17-81332-CIV-BRANNON, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018)).   Plaintiff has satisfied all the requirements.

Counsel has included billing records as well as an affidavit with this Motion.  The total award requested would compensate the attorney's hours worked at $254.81 per hour, while the paralegal work would be compensated at $100 per hour.   "A court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1999) (internal quotation omitted).  Considering Plaintiff's attorney's experience and expertise, as well as the allowed amount of paralegal fees, and the record, the undersigned finds Plaintiff's fee reasonable.   Likewise, the $405.00 in

costs requested for filing fees are compensable. *See Hengerer v. Comm'r of Soc. Sec.*, No. 6:25-CV-01382-DCI, 2026 WL 120231, at *1 (M.D. Fla. Jan. 16, 2026).

Accordingly, the undersigned finds that Plaintiff is entitled to a fee award under the EAJA in the amount of $3,948.93, as well as costs in the amount of $405.00.

## RECOMMENDATION

Based on the foregoing, it is hereby RECOMMENDED that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, ECF No. 19, be GRANTED. Plaintiff should be awarded fees under the EAJA in the amount of $3,948.93, as well as costs in the amount of $405.00.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 6th day of February 2026.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Rodney Smith
All Counsel of Record

3